**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

AMANDA MAROBELLA,

                         **Plaintiff,**

   vs.                                                   5:15-cv-00843
                                                               (MAD/TWD)

**COMMISSIONER OF SOCIAL SECURITY,**

                         **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**LAW OFFICES OF STEVEN R. DOLSON**     **STEVEN R. DOLSON, ESQ.**
126 North Salina Street, Suite 3B
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **SERGEI ADEN, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

     Plaintiff Amanda Marobella ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for disability insurance benefits ("DIB") and supplement security income benefits ("SSI") under the Social Security Act. Plaintiff moves to remand the case for further administrative proceedings, and the Commissioner cross-moves for judgment on the pleadings. *See* Dkt. Nos. 10, 12. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

Plaintiff protectively filed her applications for DIB and SSI on August 20, 2012, alleging a disability onset date of July 30, 2012. *See* Dkt. No. 8, Administrative Transcript ("T"), at 130, 137. On October 24, 2012, Plaintiff's applications were both denied, and, upon Plaintiff's request, a hearing was held on October 30, 2013. *See id.* at 28, 77. On December 24, 2013, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act. *See id.* at 11-24. The Appeals Council denied Plaintiff's request for review on June 16, 2015, thereby making the ALJ's decision the final determination of the Commissioner. *See id.* at 4. On July 8, 2015, Plaintiff commenced the instant action seeking judicial review of the Commissioner's unfavorable decision. *See* Dkt. No. 1.

In her July 15, 2016 Report and Recommendation, Magistrate Judge Dancks found that the ALJ's determination of Plaintiff's residual functional capacity ("RFC") was not supported by substantial evidence. *See* Dkt. No. 13 at 8. Specifically, Magistrate Judge Dancks found that the ALJ failed to properly apply the treating physician rule, failed to adequately develop the administrative record, and erroneously evaluated Plaintiff's credibility. *Id.* at 10-25.

Magistrate Judge Dancks correctly stated that an ALJ is required to evaluate every medical opinion received. 20 C.F.R. § 404.1527(c). If an ALJ refuses to give "controlling weight" to a treating physicians medical opinion, the ALJ "must consider various factors to determine how much weight to give to the opinion." *Holloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (citation omitted). Magistrate Judge Dancks found that the ALJ failed to state what weight he afforded to each treating medical provider, and failed to mention whether he considered all of the opinions given by Plaintiff's treating physicians, Dr. Robert Nolan and Dr. Denny Battista, and by Syracuse Orthopaedic Specialists ("SOS"). Dkt. No. 13 at 13. While the ALJ

2

mentioned that he considered certain records from Dr. Nolan, he did not acknowledge what weight he afforded to this opinion. Magistrate Judge Dancks stated that the "ALJ does not mention whether he took Dr. Battista or SOS's opinions into account." *Id.* Conversely, the ALJ did mention Plaintiff's treatment by both Dr. Battista and SOS. *See* T. at 20. The Court finds that this misstatement does not render the the Report and Recommendation clearly erroneous as the ultimate conclusion remains the same, that the ALJ did not state what weight was afforded to each of Plaintiff's treating physicians. Magistrate Judge Dancks concluded that the ALJ failed to sufficiently examine the treating physicians' opinions or identify what weight he gave these opinions, such that "there is no way to evaluate whether or not SOS was given its due deference as a treating physician and as a specialist in orthopedics." *Id.* at 15.

Magistrate Judge Dancks further found that the ALJ had an affirmative duty to contact Dr. Nolan to develop the record regarding Plaintiff's testimony that she had the need for an upcoming spinal surgery. *Id.* at 18. Magistrate Judge Dancks stated that the ALJ had an affirmative duty to develop the administrative record, including contacting a treating medical source, to clear up relevant gaps in Plaintiff's medical record. *See Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000); *see also Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). The ALJ denied Plaintiff's request to keep the record open for "a couple of weeks" so that she could submit records from Dr. Nolan about Plaintiff's upcoming spinal surgery. T. at 28. Instead, the ALJ held the record open only to receive Plaintiff's initial consultation records and stated that "if its clear [Plaintiff is] going to have the surgery, I think that will be apparent in the consult." *Id.* In his final decision, the ALJ stated that "Dr. Nolan did not indicate any need for surgery, physical therapy or any form of pain management." *Id.* at 20. Thus, Magistrate Judge Dancks concluded that the ALJ based his decision, at least in part, on a lack of evidence that Plaintiff had a need for spinal surgery, which

was easily verifiable by either leaving the record open or by directly contacting Dr. Nolan to evaluate Plaintiff's claims that she had scheduled an upcoming surgery. Dkt. No. 13 at 18.

Lastly, Magistrate Judge Dancks found that the ALJ improperly discredited Plaintiff's testimony based on an incomplete and flawed review of the medical record. *Id.* at 22. The ALJ found that Plaintiff's testimony regarding her upcoming spinal surgery, her participation in physical therapy sessions, the number of injections that she received for pain management, and her physical and mental limitations were not credible when compared with the medical evidence in the record. T. at 22. Magistrate Judge Dancks concluded that the ALJ's determination of Plaintiff's credibility was not supported by substantial evidence because he failed to expand the record concerning Plaintiff's upcoming surgery, Plaintiff had a documented reason for discontinuing her physical therapy, the number of injections she received could have been interpreted in numerous ways, and two medical source opinions mentioned Plaintiff's physical limitations. *Id.* at 22-25. Neither party objected to Magistrate Judge Dancks' Report and Recommendation.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the administrative transcript to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and internal quotation marks omitted). If supported

by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citations omitted). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). Failure to timely object to any portion of a magistrate judge's report operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

Having carefully reviewed Magistrate Judge Dancks' Report and Recommendation, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly concluded that the ALJ improperly applied the treating physician rule, failed to affirmatively develop the record, and that his credibility assessment of Plaintiff's testimony was not supported by substantial evidence. As such, the Court holds that Magistrate Judge Dancks

5

correctly recommended that the Commissioner's decision should be remanded for further administrative proceedings consistent with the reasons stated in her Report and Recommendation.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' July 15, 2016 Report and Recommendation (Dkt. No. 13) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying Plaintiff's disability benefits is **VACATED** and this matter is **REMANDED** for further proceedings consistent with Magistrate Judge Dancks' Report and Recommendation; and the Court further

**ORDERS** that the Clerk shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2016
      Albany, New York

*[Signature: Mae A. D'Agostino]*
Mae A. D'Agostino
U.S. District Judge